# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | Arlander Keys |
|---|---|---|---|
| **CASE NUMBER** | 00 C 7520 | **DATE** | 11/6/2001 |
| **CASE TITLE** | Christopher Aspacher et al. vs. Rosenthal Collins Group | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

| | | |
|---|---|---|
| (1) | ☐ | Filed motion of [ use listing in "Motion" box above.] |
| (2) | ☐ | Brief in support of motion due _____. |
| (3) | ☐ | Answer brief to motion due_____. Reply to answer brief due_____. |
| (4) | ☐ | Ruling/Hearing on _____ set for _____ at _____. |
| (5) | ☐ | Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____. |
| (6) | ☐ | Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____. |
| (7) | ☐ | Trial[set for/re-set for] on _____ at _____. |
| (8) | ☐ | [Bench/Jury trial] [Hearing] held/continued to _____ at _____. |
| (9) | ☐ | This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2). |
| (10) | ■ | [Other docket entry] Pursuant to the attached Memorandum Opinion and Order, Defendant's Itemization of Costs and Fees [#41] is granted. Plaintiff and Plaintiff's counsel are to pay Defendant's costs and fees in the amount of $42,116.26. *AK* |
| (11) | ■ | [For further detail see order attached to the original minute order.] |

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 number of notices | Document Number |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | NOV 07 2001 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | 52 |
| | Mail AO 450 form. | | docketing deputy initials | |
| ✓ | Copy to judge/~~magistrate judge~~. | | 11/6/2001 date mailed notice | |
| | FT/*perry* courtroom deputy's initials | 01 NOV -6 PM 3:27 | FT mailing deputy initials | |
| | | Date/time received in central Clerk's Office | | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
NOV 7 2001

| | |
|---|---|
| CHRISTOPHER ASPACHER, et al. on behalf of himself and all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> ROSENTHAL COLLINS GROUP, an Illinois limited partnership, <br><br> Defendant. | No. 00 C 7520 <br><br> Judge Suzanne B. Conlon <br><br> Magistrate Judge Keys |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Rosenthal Collins Group's ("Rosenthal") Itemization of Fees and Costs. On August 14, 2001, this Court recommended that Defendant's Motion for Sanctions be granted against Plaintiff and Plaintiff's attorney, pursuant to 28 U.S.C. § 1927 (West 2001) and Rule 11 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court finds that Defendant's fees and costs are reasonable and orders Plaintiff and Plaintiff's attorney to pay Defendant $42,116.26.

### BACKGROUND

The origins of the current Order can be traced to a lawsuit filed in this court in November 1994, by several German citizens charging Rosenthal and others with various securities fraud violations ("Aspacher I"). After almost 6 years and extensive filings and discovery, Judge Gettleman dismissed Plaintiff's

suit, ultimately, for want of prosecution on May 4, 2000. Plaintiff did not contest or appeal this ruling.

On September 29, 2000, Plaintiff's counsel filed a class action lawsuit against Rosenthal in the Circuit Court of Cook County, Illinois, raising the same common law and statutory fraud claims that Judge Gettleman dismissed in Aspacher I. The case was removed to federal court on November 30, 2000, and assigned to Judge Conlon.

Shortly thereafter, Defendant moved for judgment on the pleadings pursuant to Federal Rule 12(c), or, in the alternative, for summary judgment pursuant to Federal Rule 56, claiming that *res judicata* barred Plaintiff's claim. In response, Plaintiff asserted that the Illinois Saving Statute, 735 ILCS 5/13-217, precluded the application of *res judicata*. Judge Conlon granted Defendant's motion for judgment on the pleadings on April 6, 2001, ruling that *res judicata* barred Plaintiff's suit.

Undeterred, Plaintiff filed a "Motion for Clarification Under Rule 59(e) or Alternatively, for Reconsideration" on April 20, 2001. Once again, Plaintiff insisted that the Illinois Saving Statute trumped *res judicata*. On April 23, 2001, Defendant sent Plaintiff a letter explaining that the Motion and the lawsuit were clearly frivolous under state and federal law, and that Defendant would seek sanctions unless Plaintiff withdrew the Motion immediately; Plaintiff refused to do so. Judge Conlon

2

denied the Motion for Reconsideration, reiterating that *res judicata* clearly barred Plaintiff's suit.

Defendant filed a motion for sanctions against Plaintiff and his attorney under 28 U.S.C. § 1927 and Federal Rule 11, seeking fees and costs associated with the defense of this case after it was removed to federal court. Judge Conlon referred the matter to this Court, and, on August 14, 2001, this Court recommended awarding the sanctions Defendant sought. Judge Conlon adopted the Report on September 19, 2001, over Plaintiff's objections.

In its Report and Recommendation, this Court directed Defendant to submit an Itemization of its fees and costs; Defendant did so on August 28, 2001. Plaintiff's response to the Itemization is entirely inappropriate. Instead of challenging the defense attorneys' rates as unreasonable, or attacking the number of hours devoted to certain tasks as excessive, Plaintiff's response simply rehashes his arguments against imposing sanctions in the first place. *See Hutchinson v. Amateur Electronic Supply, Inc.*, 42 F.3d 1037, 1048 (7th Cir. 1994) ("Counsel who oppose fees have a 'responsibility to state objections with particularity and clarity.'") (citations omitted). But, of course, that ship has sailed. The Court declines to revisit Plaintiff's arguments regarding the imposition of the sanctions against Plaintiff and his attorney. Having determined that the sanctions against Plaintiff and his

3

attorney are in order, the Court turns to the reasonableness of Defendant's Itemization, without the benefit of Plaintiff's specific objections.

**STANDARDS**

An appropriate method for determining the reasonableness of an attorney's fees is the lodestar method. *Gusman v. Unisys Corp.*, 986 F.2d 1146, 1149-50 (7th Cir. 1993). The lodestar rate is the product of the hours an attorney reasonably devoted to a certain task multiplied by the attorney's market rate. *Id.* "The attorney's actual billing rate for comparable work is 'presumptively appropriate' to use as the market rate." *People Who Care v. Rockford Bd. Of Educ.*, 90 F.3d 1307, 1310 (7th Cir. 1996); *In re Continental Illinois Securities Litig.*, 962 F.2d 566, 570 (7th Cir. 1992).

After reviewing Defendant's Itemization, the Court is satisfied that Defendant's request for fees and costs is reasonable. Defense attorney David Genelly, a partner with approximately 25 years of commercial litigation experience, charges a market rate of $275.00 an hour.[1] Mr. Genelly's

---

[1] In the April Invoice, Mr. Genelly has written off $3,850 in fees. Typically, "[w]here the nominal billing rate is discounted for actual bills and payments, the effective market rate is lower." *Craig v. Christ*, No. IP96-1570-CH/G, 1999 WL 1059704, at *5 (Sept. 10, 1999). In the instant case, however, the reduction appears to be an isolated occurrence associated with a specific line of research, as opposed to a more general reduction or discounting of fees. Therefore, the Court will not reduce Mr.

4

associate, attorney John Corrigan, who has practiced law since 1994, charges a standard rate of $200.00 an hour. Mr. Genelly has submitted an affidavit attesting that these rates represent the rates normally charged by Mr. Genelly and Mr. Corrigan, and that Chicago attorneys with similar commercial litigation experience charge between $175.00 to over $400.00 an hour for this type of work. Plaintiff has not submitted any evidence to contest Mr. Genelly's assertion, and the Court finds that the rates are commensurate with those charged by attorneys with similar experience.

In addition, the Court is satisfied that the time defense counsel expended was not excessive. A review of Defendant's Itemization indicates that Defendant is seeking reimbursement only for services devoted to the action after it was removed to federal court. Moreover, the Court finds that Defendant's time entries are neither duplicative nor unreasonable. Therefore, the Court finds that all of the fees and costs requests are recoverable.

In so ruling, the Court notes that Plaintiff has compounded his current woes by filing frivolous motions within the context

---

Genelly's hourly rate. However, the April Invoice also bills some of Mr. Genelly's time at $285.00 per hour. This rate contradicts Mr. Genelly's assertion in his affidavit that he charges $275.00 per hour. Whether this occurred by oversight or error, the Court will award Mr. Genelly's fees at $275.00 per hour, and will reduce the total fees requested by $47.50 accordingly.

5

of this frivolous case; Plaintiff's Motion for Clarification or Reconsideration is a prime example of Plaintiff wasting not only Defendant's time, but the Court's time as well. In filing this Motion, Plaintiff ignored hard legal precedents – highlighted for Plaintiff by Defendant – demonstrating that his suit was without merit. Moreover, Plaintiff completely disregarded the requirements of a Federal Rule 59 Motion, which requires parties seeking reconsideration to "present either newly discovered evidence or establish a manifest error of law or fact." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000), *cert. denied,* 121 S.Ct. 1097 (2001). It is, therefore, not too surprising that Defendant expended nearly $43,000 in defending this baseless suit.

Finally, although Plaintiff's counsel insinuates that financial hardship prevents him and/or his client from paying Defendant's fees and costs, Plaintiff offers no evidence in support of such a claim. Because Plaintiff has not demonstrated that he cannot pay the award, Plaintiff's argument is without merit. *Kapco Manufacturing Inc. v. C&O Enterprises, Inc.*, 886 F.2d 1485, 1496 (7th Cir. 1989).

## CONCLUSION

The Court orders Plaintiff and Plaintiff's counsel to pay Defendant's costs and fees in the amount of $42,116.26.

**IT IS THEREFORE ORDERED** that: Defendant's Itemization of Costs and Fees be, and the same hereby is, **GRANTED**.

DATED: November 6, 2001        Enter:

ARLANDER KEYS
United States Magistrate Judge

7